DECREE ACCORDINGLY.

THE other judges concur.

---

U. P. R. Co. v. Patrick Broderick.

[FILED NOVEMBER 11, 1890.]

1. **Master and Servant:** INJURIES: NEGLIGENCE.    Where an
   employer negligently provides his workmen with improper and
   unsafe apparatus with which to perform the work, and the
   workman, without any fault on his part, is injured owing to the
   employer's neglect to provide suitable, safe, and proper appli-
   ances, the employer is liable for the injury.

2. **Review.**    *Held*, That the evidence sustains the verdict and judg-
   ment.

3. **The instructions** examined, and *held*, to have been properly
   given.

ERROR to the district court for Douglas county.    Tried
below before GROFF, J.

*J. M. Thurston, W. R. Kelly*, and *J. S. Shropshire*, for
plaintiff in error, cited: *Walsh v. R. Co.*, 2 Am. & Eng.
R. R. Cases, 144.

*Mahoney, Minahan & Smyth, contra*, cited: *Plank v. R.
Co.*, 60 N. Y., 607; *Gibson v. R. Co.*, 46 Mo., 163;
*McGatrick v. Wason*, 4 O. St., 566; *Huttleton v. Machine
Co.*, 106 Mass., 282; 3 Wood, Ry. Law, sec. 371; *Snow
v. R. Co.*, 8 Allen [Mass.], 441; 2 Thompson, Negligence,
1015; *Fairbanks v. Haentzsche*, 73 Ill., 236; *Dorsey v.
Phillips*, 42 Wis., 583.

NORVAL, J.

The plaintiff below, Patrick Broderick, brought suit against the defendant to recover $1,995 damages sustained from an injury received while in the employ of the defendant, alleging that on October 15, 1886, he was so employed as a laborer, attending the masons of defendant in building the stone piers of its bridge over South Thirteenth street, in the city of Omaha; that he was acting under the direction and control of the defendant's foreman, and without fault or negligence on his own part, while so acting with other workmen, he moved a large stone, by means of rollers, onto two planks, placed over a hole, six feet square, intended to receive the stone; that the planks were provided by the defendant's foreman, and while obeying his orders, and performing his labor as directed, he was in the act of lifting up one side of the stone by means of a crow-bar in order to slide the stone down into the hole on the opposite side, and while so lifting, one of the planks on which the stone rested, being of insufficient strength, broke in two and gave away, thereby throwing the crow-bar out of his hands, and throwing him backwards into a hole of like dimensions behind him and thereby breaking his arm, by reason of which he has suffered great bodily pain, has been unable to labor for a long time, and that his disability therefrom is permanent; that such injury was caused by the negligence of the defendant in selecting and directing to be used as a means of labor and construction insufficient, unsafe, and defective planks for the purpose of lowering and placing the stone in the abutment of the bridge, without contributory negligence on the plaintiff's part.

The defendant answered admitting its corporate capacity, and that the plaintiff was in its employ at the time and place alleged, and denying that such injury was caused by any want of care on its part, or that of its foreman, but was caused by the negligence of the plaintiff and of his fellow-workmen.

The plaintiff replied denying every allegation of the defendant's answer.

There was a trial to a jury and verdict for the plaintiff for the sum of $1,995. The defendant's motion for a new trial was overruled and judgment entered upon the verdict. The defendant below brings the case to this court on error.

In the last half of the year 1886, the plaintiff in error was constructing a railroad bridge over Thirteenth street in the city of Omaha. The abutments and piers of the bridge were of heavy masonry. Broderick, the defendant in error, with five or six others, was employed to attend the masons and assist them in laying the stone. Broderick commenced work about the 20th of August, and until the 15th of October was employed upon derrick work. Two holes had been dug about five feet apart on the west side of the street, to the depth of five feet, and about five or six feet square. About two feet of concrete had been laid by the masons in the bottom of these holes, upon which foundations of the piers were to be constructed. On the morning of October 15th Broderick and three other workmen were directed by Charles Brogstadt, the foreman of the gang, to bring a large stone from a pile on the east side of Thirteenth street to one of these holes, to be laid by the masons. The stone was rolled across the street by placing it upon rollers, which rested upon two planks laid upon the ground. When the stone reached the west side of the street it was rolled onto two planks which were stretched east and west across the south hole, and by means of a crow-bar the stone was pried up and thrown into the hole. While it was being placed in proper position by the masons, the plaintiff with the three others was ordered by the foreman to procure from the same pile another stone and take it to the north hole. This was accomplished in the same manner as the other. This stone was about five feet square, ten inches thick, and weighed from 2,500 to 3,000 pounds. It was rolled onto two planks placed across the

47

north hole. The plaintiff and one Hans Christianson, under the instructions of the foreman, took a crow-bar and attempted to pry the stone up and throw it into the hole. In doing so one of the planks broke, the crow-bar was jerked out of their hands and Broderick was thrown into the south hole, breaking one of his arms. He was removed to the hospital, where he remained under the care of the company's surgeon for a long time. The arm has not fully recovered. It is for this injury that the plaintiff brings this action.

It appears from the testimony that the planks placed across the hole were pine, twelve or fourteen feet long, two or three inches thick, and twelve inches wide. While the testimony does not disclose which one of the men placed them in position, there is testimony tending to show that it was done under the direction of Brogstadt, who had entire control over all the men working on the job, and who directed the manner in which the work should be performed. Brogstadt denies under oath, that these planks were obtained and used by his orders, but says that they were in position, and the stone on them when he first saw them.

There is likewise in the bill of exceptions, testimony tending to prove that the ends of these planks rested upon high banks of dirt that had been thrown out near the hole, so that there was nothing to support the planks for a space of eight or ten feet; that the planks were entirely too weak for handling such heavy stones, and were not proper and safe appliances for that kind of work; but that a derrick should have been used for lowering the stone. It also appears that there was a derrick near the work, which could have been used, and that the foreman had a right to have taken it had he so desired.

The testimony of the defendant's witnesses tends to establish that the planks did not rest upon banks of dirt, but upon level ground, and that the method employed, to

use the language of the witness Brogstadt, "was safe enough if the workmen look out."

There was ample testimony to justify the jury in finding that improper and unsafe appliances were used under the instructions of the company's foreman, or at least, if the planks were not procured by Brogstadt's directions, he ordered the plaintiff and his fellow-workmen to roll the stone upon them after they had been laid across the hole. It was the duty of the defendant to have provided and used suitable, safe, and proper apparatus for the performance of this work, and it is liable for any injury which happened by reason of the use, by direction of its foreman, of improper and unsafe appliances, if the injured party is free from fault and negligence. Whether or not Broderick was negligent, was for the jury to determine from all the evidence in the case. That question was submitted to the jury upon proper instructions, and we are not prepared to say that the verdict is clearly against the weight of the testimony.

Prior to the examination of any witness in the court below, the defendant objected to the introduction of any testimony, for the reason that there are no allegations in the petition showing negligence on the part of the defendant. It does not appear that the trial court ruled upon this objection, but permission was granted the plaintiff to amend his petition by interlineations, to which the defendant excepted. The petition was thereupon amended by inserting the following:

"But the defendant and the defendant's foreman negligently selected and directed to be used for that purpose old, weather-beaten, defective pine planks, well knowing that the same were unfit and unsafe for the use to which the defendant then and there applied them, and well knowing that the said planks were not strong enough to stand the weight of said stone."

After the pleading was thus amended the defendant did

not ask for further time to prepare for trial, nor does it appear that it was not then ready with its witnesses to meet the new issue presented, but, on the other hand, the record before us shows that the defendant introduced witnesses to disprove the new allegations made by the plaintiff. As it is not shown that the defendant was prejudiced by the amendment made to the petition on the eve of the trial, the case should not be reversed on the objection made.

Complaint is made of the giving of the last paragraph of the instructions prepared by the court on its own motion, and to instructions 1, 2, 3, 4, and 7, given on request of the plaintiff. It is conceded by counsel for the railroad company that these instructions state correct principles of law, but it is urged that they were not warranted by the testimony. We are satisfied that the law, as laid down by the court, was based upon the facts of the case, and that the instructions were not in the least misleading. Every disputed question of fact was submitted to the jury upon instructions that were quite favorable to the defendant. The judgment is

AFFIRMED.

THE other judges concur.