FRANK POOS, APPELLEE, V. FRED KRUG BREWING COMPANY, APPELLANT.

FILED JULY 10, 1917.  No. 18935.

1. **Master and Servant:** INJURY TO SERVANT: LIABILITY OF MASTER. It is the duty of the employer to furnish his employee with a reasonably safe place in which to work and reasonably safe tools, instrumentalities and appliances to work with. If the employer fails to do this and the employee is injured by reason of such failure, the employer is liable, unless the employee is himself negligent or knows the danger and voluntarily assumes the risk.

2. ——: ——: DUTY OF MASTER: SAFE PLACE TO WORK. If the place to work or the tools or instrumentalities with which the work is to be accomplished are unsafe, it is the duty of the employer to make them reasonably safe, and this is a continuing duty that he cannot avoid. He does not perform this duty by instructing some person or employee to make the place or the instrumentality safe. It is a duty so incumbent upon the employer that he cannot delegate it to some one else and so evade responsibility.

3. ——: ——: NEGLIGENCE OF FELLOW SERVANT. The liability of the employer is determined by the nature of the act in question; and if "the nature of the act in question" establishes that the accident was caused by the negligence of a fellow servant, and not by any defect in the place to work or in the tools or instrumentalities to be used, the employer is not liable.

4. ——: ——: DUTY OF MASTER: SAFE PLACE TO WORK. The employer performs his duty if he furnishes places and appliances that are safe when they are used in the usual and proper way. If such places and appliances are unsafe when safely and properly used, it is the employer's duty to see that they are made reasonably safe for usual and proper use. This is the duty that he cannot delegate so as to relieve himself from responsibility if it is not performed.

5. ——— : ——— : LIABILITY OF MASTER: ACTS OF. FELLOW SERVANT. If the place to work and the tools and instrumentalities with which to work are reasonably safe, the employer is not liable for a misuse of such tools and instrumentalities by a fellow employee who is employed with reasonable care as to his fitness and carefulness.

6. ——— : ——— : ———. The employer is not liable for anything that he could not avoid by the exercise of foresight and care. He could not anticipate and avoid the negligence of a competent employee.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Former judgment* (no opinion) *vacated, and judgment of district court reversed.* ·

*Nolan & Woodland,* for appellant.

*Arthur F. Mullen, James E. Rait* and *George B. Thummel, contra.*

SEDGWICK, J. .

The plaintiff was injured by the falling of a ladder on which he was standing while engaged in his duties as an employee of the defendant company. He brought this action in the district court for Douglas county to recover damages for the injury he sustained in the fall. The jury returned a verdict in his favor for $3,500. The trial court required a remittitur, and entered judgment for $2,500, and the defendant has appealed.

There is but very little, if any, controversy in regard to the facts. The plaintiff has filed three briefs in the case, and from them we learn the following: He was required to "perform certain work connected with alterations to the refrigerating plant. These alterations, as far as need be noted here, consisted of lifting a trap weighing several hundred pounds to its place a few feet below a ceiling 24 feet high. This was done by block and tackle, the chains of which came only within 10 feet from the ground. Ladders were provided for appellee and others doing this work to stand upon when lifting the trap by the block and tackle." One Louis Peitzel was called to hold the ladder for the plaintiff while he was working upon it. The plaintiff

further says: "The ladder was 12 or 15 feet long, with round wooden rungs, and was placed against a round iron post. The floor was of cement, and at that time was slippery because of oil and grease. Appellee's work necessitated his standing upon a rung about 10 feet from the ground, with his back to the post. He could not hold onto the post while working. It was Peitzel's duty to hold the ladder to keep it from slipping while appellee was working, and he did so until appellee was injured. Appellee had ascended the ladder, and was turning around when it turned and threw him to the ground, the ladder falling also. Peitzel was holding the ladder when appellee started to ascend, but released his hold of it before appellee reached the top. * * * The testimony of appellee clearly establishes the fact that he was hurt solely because of the negligence of the man holding the ladder. It was undisputed that it was Peitzel's sole duty to hold the ladder for appellee, and that the ladder could not fall if held, and that it was likely to fall if not held. * * * The fact that the ladder turned, throwing him to the ground, speaks for itself, for, as appellee and appellant's witnesses say, it could not slip if it was held. * * * If appellee's testimony is to be believed, * * * it was the negligence of Peitzel that caused his injuries."

The only proposition of law stated by the plaintiff in his original brief is: "Peitzel's failure to hold the ladder for appellee was a breach of appellant's duty to furnish appellee a reasonably safe place to work, for which appellant is liable." The brief also concedes that Peitzel was a fellow servant: "It is true that Peitzel was, as far as rank goes, a fellow servant of appellee's; but in this instance he was performing the duty of his master." And so the plaintiff himself presents this as a case where the negligence of a fellow servant causes an injury. The plaintiff's contention is that the employer did not furnish him a safe place to work. In the brief it is stated in these words: "Appellee's place was not safe un il the ladder was held, and it remained safe only so long as it continued to be

held.   Since the law imposes the duty to provide a reasonably safe place for workmen, that duty certainly continues so long as the men are there at work—so long as that place is needed, for their work."

It is the duty of the employer to furnish his employee with a reasonably safe place in which to work and reasonably safe tools, instrumentalities and appliances to work with.   If the employer fails to do this and the employee is injured by reason of such failure, the employer is liable, unless the employee is himself negligent or knows the danger and voluntarily assumes the risk.   It is equally well-settled law in this state that, if the place to work or the tools or instrumentalities with which the work is to be accomplished are unsafe, it is the duty of the employer to make them reasonably safe, and this is a continuing duty that he cannot avoid.   He does not perform this duty by instructing some person or employee to make the place or the instrumentality safe.   It is a duty so incumbent upon the employer that he cannot delegate it to some one else and so evade responsibility.   He must see to it that the thing is done, and that the place and the instrumentality are made reasonably safe.   But the plain question in this case is whether this accident happened because the place or the instrumentality was unsafe, or happened by the negligence of a fellow servant.   The plaintiff correctly says in the brief that "the liability of the master is determined by the nature of the act in question."   So that the question is, to state it again, whether this accident was caused by some defect in the place to work or in the instrumentality to be used, or was caused by the negligence of the fellow servant.   It is said that the ladder might easily be held, and that if it had been held the place to work would be safe, but the employee negligently failed to hold the ladder, and that made the place to work unsafe; that the holding of the ladder was necessary in order to make a safe place to work, and that, as it is the duty of the employer to furnish a safe place to work, it became his duty to hold the ladder, and that he could not delegate that

duty, but must hold it himself, or if he did delegate it he would be responsible as though he were holding it himself.

This sort of reasoning is so emphasized and so much reiterated in the brief, and seems to be so earnestly relied upon, that it may not be useless to suggest some illustrations of such a rule. If two employees to construct a platform to stand upon place two supports under a plank or platform, if these supports are placed at each end of the plank or platform, it will furnish a safe place to work upon, but if one of the employees places a support too far from the end of the plank, his fellow workman may innocently stand upon the unsupported end of the platform and meet with an accident. A platform so unsupported is an unsafe place on which to work. The employer, therefore, by plaintiff's reasoning in this case, has not furnished a safe place on which to work, and his duty to do so cannot be delegated, and therefore he should himself have placed the support under the end of the plank or platform, and is responsible for the fact that a fellow employee misplaced it.

An employee may safely stand upon a wagon to perform services if the wagon is not moved. If horses are harnessed to the wagon and are liable to move it, it might be rendered an unsafe place to work. A fellow workman, as long as he holds the horses and keeps them quiet, therefore furnishes a safe place to work. The duty also would devolve upon the employer, as it is his duty to furnish a safe place to work, and he could not delegate the duty of holding the horses, but would be responsible if the fellow servant left the horses and they moved the wagon and so made the place unsafe to work.

Upon careful examination it will be found that this reasoning can be applied to almost every case where the negligence of a fellow servant has caused an accident.

The employer performs his duty if he furnishes places and appliances that are reasonably safe when they are used in the usual and proper way. If such places and appliances

are unsafe when safely and properly used, it is the employer's duty to see that they are made reasonably safe for usual and proper use. This is the duty that he cannot delegate so as to relieve himself from responsibility if it is not performed. If, however, the tool or instrumentality furnished is in itself safe, and one employee uses it negligently so as to injure his fellow, the employer cannot anticipate or guard against such negligence. The plaintiff concedes this in his brief when he says that the master is not liable "where the place is reasonably safe, but a misuse thereof is made." There can be no possible difference in this respect between the place and the instrumentality with which to work. The plaintiff's brief quotes from *Hermann v. Port Blakely Mill Co.*, 71 Fed. 853, 857, in which it was held that the employer was not liable because "it would create a liability which the master could not avoid by the exercise of any degree of foresight or care." And so in the case at bar the employer could not avoid the negligence of the fellow employee "by the exercise of any degree of foresight or care."

The plaintiff repeats in his brief the statement that because of the situation there was no other way possible to make the use of this ladder safe but by holding it in position, which the fellow employee could easily have done, but carelessly left his duty and allowed the ladder to fall. Surely the employer could not possibly have anticipated such negligence. If there is a defect in the appliance to be used, the employer by proper diligence can ordinarily discover such defect, but he cannot anticipate criminal negligence on the part of fellow employees.

The fellow-servant law has undoubtedly been abused and misapplied, but plaintiff's reasoning would do away with it entirely. It has been so long established and universally acted upon by the courts that, if it is to be abolished and a better rule established in its place, it must be done by the legislature, and not by the courts.

Our former judgment is vacated, and the judgment of the district court is reversed and the cause remanded.

REVERSED.

CORNISH, J., concurring.

Because the master must not negligently fail to furnish the servant with a reasonably safe place to work, and cannot escape liability for the negligence by delegating the duty to another, plaintiff says that when defendant, to keep the ladder from slipping, put a man at the foot of it, he became liable for that man's negligence in failing to hold the ladder. This is a *non sequitur*. Reasoning from a corollary we are liable to fall into error. We need to go back to first principles. Individuals are liable for tort because they have done wrong. In negligence cases the wrong consists in a failure to exercise care. Where the relation of master and servant exists, certain rules based upon human experience and justice define their duties and responsibilities as to each other. Among these is the rule that the master ought to furnish his servant a reasonably safe place to work *in*. This rule never meant that the master must furnish the servant with safe persons to work *with*. The duty is upon him to hire only reasonably careful and competent men. Having furnished such men and a safe place, he has done his duty. Any other rule would be unjust, unworkable, and make the master an insurer against the negligence of others. Having hired competent men, he is not bound to anticipate their negligence. The rule under discussion refers merely to the place or the tool or appliance used—an inanimate object.

As stated in *Mitchell v. Omaha Packing Co.*, 92 Neb. 496, a case cited by plaintiff, the master is liable for the negligence of his agent or servant only when the agent is negligent in the performance of a duty which properly belongs to the master. Applying the rule, it is apparent that the man at the foot of the ladder at the time of the accident was not engaged in constructing, repairing, or in any way creating a place to work in. If the master had told him to secure the foot of the ladder by heavy weights or some other structure, and he had negligently done this, and the plaintiff, not knowing the situation, had received

101 Neb.—32

an injury, then the rule contended for would apply. In such case the master, if necessary, could make a test and know beforehand the real condition; and in such case the plaintiff in using the ladder would have a right to assume that the work had been done carefully. It is to be remembered that the rule does not require the master to change the place or structure or appliance to take the place of workmen where such change is not reasonably required. It is agreed in this case that the ladder with the man at the foot of it constituted a safe place. The plaintiff in his pleading does not allege an unsafe place to work as a ground of negligence, but relies upon the negligence of the fellow servant or man at the foot of the ladder. If the master had placed heavy weights at the foot of the ladder to secure it, and another servant had negligently kicked away one of the heavy weights, all agree that his negligence would not be imputed to the master, and yet the place would have been rendered unsafe. The case above cited by plaintiff illustrates the rule. There, two men were, in their ordinary work, admittedly fellow servants. The master deputed one of them to fix a runway for emptying cinders. He negligently used an old door to stand on in emptying a wheelbarrow. The other servant, not knowing the situation, was injured. The master was held liable. That clearly was a case of unsafe "place to work." This rule is old in the law, and the decisions have always been as above indicated. There appears to be no decision to the contrary.

The main case relied upon by plaintiff is *Czapinski v. Thomas Furnace Co.*, 158 Wis. 635. Consideration of this case only proves the rule. A man was engaged in piling slag iron. A grab attached to a crane would drop, pick up the iron and convey it to another place. The appliance was defective and the master knew it. It would not always empty the small pieces of iron. To avoid this danger the master ordered the servant operating the crane to see to it that the grab in its movements would not get over the man at work. The servant negligently failed to do so

and a piece of iron fell and injured the worker.  The master was held liable, but why?  The court based its decision solely upon the ground of the defective appliance used that rendered the place. unsafe and not at all upon the negligence of the servant operating the crane.  The court said that the negligence of the man operating the crane—a fellow servant—may have and did concur in the negligence of the master in using a defective appliance and that in such case of concurrence the master would be held liable on account of his own negligence.

If we were to hold that wherever men are working together on the same job and one from the nature of his work. is charged with care to save his fellow workman from the incidental risks of injury and is negligent in that particular, the master is liable, we would then go contrary to the decisions and would virtually obliterate the fellow-servant rule.

Nearly every occupation has its peculiar risks of accident.  Men voluntarily entering them must assume whatever risks are reasonably necessary.  A casual view of the industrial field will show how frequently this is the case where men work together.  Men engaged together loading or unloading heavy material, building scaffolding, building walls, handling explosives, driving a team, automobile, or locomotive, operating the engine or motor that controls connected machinery, holding the horse while it is hitched or shod, digging a well, cooking a meal, have more or less responsibility to keep the place safe for others.

Sometimes it happens that more men are needed to make the place safe.  If the master employs the number reasonably required for that purpose he has done his duty and in such case, has never been held liable for their negligence.

Plaintiff's position would seem to be contrary to another rule as to liability, namely, if the risk of danger was as obvious and well known to him as to the master, he assumed it if he continued at the work without making complaint.

Rose, J., dissenting.

In my judgment the law controlling the decision should be announced as follows: It is the nondelegable duty of the master to exercise reasonable care to provide a reasonably safe place to work and to furnish reasonably safe and suitable appliances, and if he undertakes to perform that duty through another he acts at his own risk, and this rule may be applied where the master delegates to an employee the duty of holding a ladder when that act is essential to the safety of another employee required to work thereon as a part of a permanent plan of operation.

The action is one to recover damages in the sum of $10,-000 for personal injuries alleged to have been sustained by plaintiff while in the employ of defendant, December 21, 1913. Defendant at the time was installing an ice machine. Plaintiff and other employees, by means of blocks and chains, were raising pipes 20 feet above the floor in the engine room of defendant's plant. The chains could not be reached from the ground and were operated by plaintiff and others from ladders. Six feet or more above the floor, plaintiff, in performing his duties, stood on a 14-foot slanting ladder with the lower end on a slippery cement floor and the upper end against a cylindrical iron column. This was a safe place to work when the ladder was held in place, but otherwise it was unsafe. Plaintiff, who had been transferred from another department, had no part in selecting the ladder or in placing it in the position indicated. It was the duty of Louis Peitzel, another employee, to hold the ladder, and, solely through his negligence in failing to do so, it slipped, turned, and threw plaintiff on the concrete floor. These facts are pleaded in the petition. In the answer it is alleged that the injury to plaintiff was caused by his own negligence, that he had assumed the risk incident to the use of the ladder, and that Peitzel was a fellow servant. From the judgment on a verdict in favor of plaintiff for $2,500, defendant has appealed.

Defendant challenges as erroneous an instruction containing the following language:

"As before stated, it was the duty of the defendant to exercise ordinary care to furnish a reasonably safe working place for plaintiff in which to work, and reasonably safe instruments and appliances with which to do his work. * * * You are therefore instructed that, should you find from a preponderance of the evidence that in the exercise of ordinary care, in order to furnish a reasonably safe working place in this instance and reasonably safe instruments or appliances with which plaintiff was required to perform his work, it was necessary to have some one hold the ladder in question while plaintiff was mounted thereon, and should you further find from the evidence that Louis Peitzel was the person delegated to perform said duty of holding said ladder in position, * * * and should you further find from a preponderance of the evidence that said Louis Peitzel was negligent in the performance of said duty, * * * then you are instructed that such negligence of Louis Peitzel would be the negligence of the defendant herein."

In regard to this instruction plaintiff seems to take the position that his injury resulted from the failure of Peitzel to perform for his employer the nondelegable duty to provide a reasonably safe place to work, the only negligence in that respect being the failure to hold the ladder. On the other hand, it is argued that Peitzel was a fellow servant, for whose negligence defendant is in nowise answerable. On appeal it is conceded: "(1) That the defendant placed Peitzel at the foot of the ladder with instructions to hold it steady when the plaintiff was upon it. (2) That Peitzel's sole duty was to hold the ladder for the plaintiff while he was on it. (3) That the ladder could not fall while Peitzel held it. (4) That Peitzel was, as far as his rank goes, a fellow servant of the plaintiff."

The evidence supports a finding that Peitzel neglected to hold the ladder while plaintiff, free from negligence on his part, was on it in the performance of his duties. In that position no degree of care on the part of plaintiff

would have made the place safe without some one to hold the ladder. Plaintiff was not required by his employment to make the ladder secure for his own protection. Plaintiff, who had been transferred from another department, had no part in selecting the ladder or in placing it in the position indicated. Its use in the manner indicated was not a temporary makeshift. It was intended to be thus used throughout the operations connected with the raising of pipes in the engine room. The unperformed duty was the exercising of reasonable care to provide a reasonably safe place to work. This was the obligation of the master. The law requires him to perform that duty. If he undertakes to perform it through another he acts in that respect at his own risk. The duty cannot be shifted by the mere employment of animate means. In holding the ladder, a nondelegable duty under the facts of this case, Peitzel acted for his master, though in other respects he and plaintiff may have been fellow servants.

Defendant argues, however, that it had performed its legal duty when it provided a safe ladder and selected a competent servant to hold it, and contends: "Where a master instructs a servant to work upon a ladder, and instructs a fellow servant to hold that ladder, and that fellow servant is competent, and the ladder is safe and sound and sufficient for the purpose for which it is employed, and the servant is in a 'safe place' so long as the fellow servant at the foot of the ladder performs his duty, is the master responsible for the consequences of the negligence of such fellow servant in releasing his hold upon the ladder, permitting it to slip, and causing the plaintiff to fall, on the theory that the fellow servant at the foot of the ladder is performing a nondelegable duty inasmuch as he is maintaining a 'safe place?' "

The argument is formidable, but not conclusive. It was defendant's duty to exercise reasonable care to provide a reasonably safe place to work and to furnish reasonably safe and suitable appliances. *Parker v. Omaha Packing Co.*, 85 Neb. 515; *Johnson v. Model Steam Laundry Co.*, 88

Neb. 12; *O'Dell v. Stewart & Co.*, 96 Neb. 147; *Union P. R. Co. v. Broderick*, 30 Neb. 735. The duty was a continuing one. *Kreigh v. Westinghouse, Church, Kerr & Co.*, 214 U. S. 249. The duty was nondelegable, and, if the fellow servant to whom it was delegated was negligent, defendant may be liable. *Mitchell v. Omaha Packing Co.*, 92 Neb. 496. It is not material whether the injury is considered as a result of a breach of the duty to provide reasonably safe appliances or of the duty to provide a reasonably safe place to work. 3 Labatt, Master and Servant (2d ed.) p. 2392; 4 Labatt, Master and Servant (2d ed.) p. 4465. Defendant's argument is based on the premise that the ladder was a suitable, safe and proper appliance for the purpose for which defendant had directed it to be used. The petition alleged, and the proof justifies a finding, that the ladder was not in itself a suitable, safe and proper appliance, and that it was unsafe for the purpose for which it was being used unless it was held by another employee— an unperformed duty of defendant. In holding the ladder for the purpose of providing a reasonably safe place to work Peitzel was performing a nondelegable duty of his employer. His negligence was therefore attributable to defendant. The rule is: A master using a defective appliance cannot escape liability for injury to a servant therefrom by instructing or making it the duty of another servant to use it in a manner which will prevent the defect from causing injury, since the duty to furnish reasonably safe appliances is nondelegable. *Czapinski v. Thomas Furnace Co.*, 158 Wis. 635.

This doctrine seems to be founded on reason and justice. It is in harmony with the trend of modern legislation and judicial thought. In the adoption of the view of the majority the mission of the law has failed.